IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

TOM J. JONES, III,                    :

        Plaintiff,                    :

vs.                                   :        CA 07-0335-C

MICHAEL J. ASTRUE,                    :
Commissioner of Social Security,
                                      :
        Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. 636(c), for all proceedings in this Court. (Doc. 17 ("In accordance with provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case . . . order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 18 (order of reference)) Upon consideration of

the administrative record, plaintiff's proposed report and recommendation, and the Commissioner's proposed report and recommendation,[1] it is determined that the Commissioner's decision denying plaintiff benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[2]

Plaintiff alleges disability due to bipolar disorder, manic depression, and degenerative disc disease with back pain.  The Administrative Law Judge (ALJ) made the following relevant findings:

> 3.    The claimant has the following severe impairments: bipolar disorder, manic depressive (sic)[,] and degenerative disc disease (20 CFR 404.1520(c) and 416.920(c)).
>
> 4.    The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> .    .    .
>
> 5.    After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light unskilled work.

---

[1]    This case has been decided by the Court on the written record without the benefit of oral argument. (*See* Doc. 25 (order cancelling oral argument))

[2]    Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 17 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

In making this finding, the undersigned considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The undersigned also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p and 96-6p.

After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

As for the opinion evidence, the claimant has had minimal treatment with a favorable response to medications. Specifically, on September 12, 2003, it was noted the claimant responded favorably to Lithium and Depakote in the past for his bipolar disorder. It was also noted that he had been off medication for about three years. Dr. Pineda restarted the claimant on Lithium, Depakote, and Seroquel (Exhibit 1F). When the claimant was seen at West Alabama Mental Health on April 27, 2004, he reported that he ha[d] been off his medications since September 2003. At his follow up on May 21, 2004, the psychiatrist noted that the claimant [was] currently stabilized on Depakote and Zyprexa and that he [was] doing okay in therapy (Exhibit 2F). The claimant continued to do well with medication and therapy. He was describe[d] as "upbeat and stable upon departure" on 11-04-04, 12-01-04, 02-08-05, and 03-08-05 (Exhibit 7F). When he was seen on March 31, 2006, the claimant reported pressured speech, rapid cycling of mood, and racing thoughts. The progress note dated April 28, 2006, indicates that the claimant reported no medications since April 2005 (Exhibit 7F). Also the testimony of Dr. McKeown indicates that the last progress note from the mental health shows reasonable level of stability. Dr. McKeown stated *that the claimant does not meet or equal a*

*listing*. Dr. McKeown said that the claimant has mild restrictions of ADL's[,] mild limitations with social functioning, and mild/moderate limitation[s] with concentration, persistence, or pace. He has had no decompensation in the past two months. Dr. McKeown said that with treatment the claimant has mild to moderate limitation[s] with concentration, persistence, or pace. He has mild limitation with completing tasks. Dr. McKeown said that after May 2004 Hillcrest release[d] the claimant [and he] has been near stability since then. This evidence clearly shows that the claimant has remained reasonably stable since May 2004 while taking his medication. I find that the claimant is not fully credible.

6.     The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

.     .     .

7.     The claimant was born on July 14, 1955, and was 49 years old on the alleged disability onset date, which is defined as an individual closely approaching retirement age (20 CFR 404.1563 and 416.963).

8.     The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.     Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled", whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), **404.1566,**

416.960(c), and 416.966).

.      .      .

If the claimant had the residual functional capacity to perform the full range of light work, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.14. However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled light occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as folding machine operator (unskilled, light) with 2,190 jobs regionally and 160,000 jobs nationally; inserting operator (unskilled, light) with 1,270 jobs regionally and 152,000 jobs nationally; and mail clerk (unskilled, light) with 1,390 jobs regionally and 148,000 jobs nationally.

Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.

Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant has been capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of the above-cited rule.

11.    The claimant has not been under a "disability," as defined in the Social Security Act, from September 12, 2003, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 27 & 31-33)  The Appeals Council affirmed the ALJ's decision (Tr. 4-6) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## DISCUSSION

In all Social Security cases, the claimant bears the burden of proving that he is unable to perform his previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986).  In evaluating whether the claimant has met this burden, the examiner must consider the following four factors:  (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history.  *Id.* at 1005. Once the claimant meets this burden, as here, it becomes the Commissioner's burden to prove that the claimant is capable, given his age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy.  *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Court is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that he can perform those light jobs identified by the vocational expert, is supported by substantial evidence.

Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

In this case, plaintiff contends that the following errors were made: (1) the ALJ erred in failing to obtain a residual functional capacity opinion from a treating or examining source; (2) the ALJ erred in finding he did not meet Listing 12.04; (3) the ALJ erred in assigning excess weight to the opinion of a non-examining source; (4) the ALJ erred in failing to evaluate the pain caused by his degenerative disc disease; and (5) the Appeals Council erred in failing to remand the case for further development based on the psychiatric evaluation submitted to it. Because the undersigned agrees with the plaintiff that the ALJ erred in failing to evaluate his back pain under this Circuit's three-part pain standard and erred in failing to obtain a physical capacities evaluation from an examining source, this Court need not consider the other errors raised by Jones. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir.

1985) ("Because the 'misuse of the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").[3]

The Eleventh Circuit has established a three-part pain standard that applies when a claimant attempts to establish his disability through testimony of pain. "The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citation omitted). "A claimant may establish that her pain is disabling through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce the pain. 20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).

---

[3]     In particular, because this case is due to be remanded for other reasons, this Court need not directly address plaintiff's argument that the Appeals Council erroneously denied review after considering new and material evidence. *See Ingram v. Commissioner of Social Security Administration*, 496 F.3d 1253, 1262-1266 (11th Cir. 2007).

The problem in this case is that even though the ALJ implicitly recognized the three-part pain standard by citing to 20 C.F.R. § 404.1529, his analysis of the evidence in this case focused solely upon plaintiff's psychiatric symptoms; he makes no mention of plaintiff's complaints of back pain and certainly does not evaluate those complaints in the manner prescribed by the Commissioner's regulations and Eleventh Circuit case law. (*See* Tr. 31-32) The ALJ's total disregard of plaintiff's back pain testimony is critical not only for the obvious reason that such non-analysis is contrary to prevailing case law but also because that testimony calls into question the ALJ's conclusion that plaintiff can perform the physical requirements of light work.

Light work is defined in the Commissioner's regulations as work involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *See, e.g.,* 20 C.F.R. § 404.1567(b) (2007). In this case, plaintiff's clear testimony is that his back condition causes him difficulty with prolonged periods of sitting and standing and that he can perform no bending. (Tr. 248) Plaintiff's testimony certainly gives every

indication that he needs, at the very least, a job with a sit/stand option (and no bending) and there is nothing contained in the vocational expert's testimony which would establish that the jobs he identified allow for a sit/stand option. (*See* Tr. 258-259)[4] Because it is the Commissioner's burden at the fifth step of the sequential evaluation process to establish capacity to perform other work and thereby to establish a claimant's residual functional capacity, *see Foote, supra*, 67 F.3d at 1559, and this Court has held on any number of occasions that the Commissioner's RFC assessment must be supported by the RFC assessment of a treating or examining physician, it was error for the ALJ to find that plaintiff retains the RFC to perform the exertional requirements of light  work in absence of an assessment supportive of such determination.

## CONCLUSION

It is **ORDERED** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to

---

[4]      In identifying jobs in response to the ALJ's hypothetical, it is interesting to note that the VE is the person who first mentioned light work as the ALJ's hypothetical does not contain a physical RFC determination. (*Compare* Tr. 257 *with* Tr. 258-259) Instead, the sole concentration of both the ALJ and the VE was upon plaintiff's psychiatric impairments and limitations. (*See* Tr. 257-259) This is obvious error given the evidence of a severe physical impairment (degenerative disc disease) and the Commissioner's responsibility, at the fifth step, to identify jobs that plaintiff can perform in light of his physical and mental impairments and limitations. In other words, the hypothetical posed to the VE was improper because it did not contain a description of all of plaintiff's severe impairments and limitations. *See Pendley, supra.*

sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision.  The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 20th day of December, 2007.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

11